The decision below is hereby signed. Dated: August 24, 2005.

*S. Martin Teel Jr.*
S. Martin Teel, Jr.
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA

```
In re                          )
                               )
CAPITOL HILL GROUP,            )    Case No. 02-00359
                               )    (Chapter 11)
        Debtor.                )
```

<u>DECISION ADDRESSING PRAECIPE RE ASSERTED ISSUANCE OF MANDATE</u>

Shaw Pittman[1] filed a praecipe on August 22, 2005, presenting certified copies of the District Court's Orders and its Memorandum Opinions filed on June 22, 2005.[2] Shaw Pittman contends that these certified copies constitute an issuance of a mandate by the district court, such that, under <u>Linder & Assocs., P.C. v. Richards (In re Richards)</u>, 241 B.R. 769, 770 (Bankr. D.D.C. 1999), this court may now direct enforcement of its monetary judgment of December 1, 2004, which was affirmed by one

---

[1] Shaw Pittman is now known more fully as Pillsbury Winthrop Shaw Pittman LLP.

[2] The Orders, entered in Civil Actions Nos. 05-97 and 05-98, affirmed this court's judgment of December 1, 2004, awarding attorney's fees and expenses to Shaw Pittman against Capitol Hill Group ("CHG"), and this court's order of December 17, 2004, denying CHG's motion under F.R. Civ. P. 60(b) for relief from that judgment (and other related judgments).

of the Orders.  This court concludes in part I of this decision that there has been no issuance of a mandate.  However, the court concludes in part II that the device of a mandate does not even exist in the case of a district court's judgment disposing of an appeal from a bankruptcy court.  Thus, in Richards, this court erred in assuming that a district court is to issue a mandate to give effect to its ruling disposing of a bankruptcy appeal, and erred in concluding, based on that assumption, that a lack of the issuance of a mandate is a bar to the bankruptcy court's enforcement of the ruling.

I

If the device of a mandate were required to be used in the case of a district court judgment disposing of a bankruptcy appeal, the court would look, as it did in Richards, to how the issuance of a mandate is addressed in the case of appeals from the district court to the court of appeals in civil proceedings generally because the Federal Rules of Bankruptcy Procedure do not address the issuance of such a mandate.  See 28 U.S.C. § 158(c)(2).  Shaw Pittman correctly notes that under F.R. App. P. 41(a), "[u]nless the court directs that a formal mandate issue the mandate consists of a certified copy of the judgment, a copy of the court's opinion, if any, and any direction about costs," and that the district court has not directed the issuance of a formal mandate.  Shaw Pittman further correctly notes that the

mandate is ministerial, as the responsibility for the mandate rests with the clerk's office, not the judge.  See United States v. Rivera, 844 F.2d 916, 920 (2d Cir. 1988).

However, the term "issue" raises the necessary question of to whom the mandate is to issue, and plainly it is to the trial court, with the clerk of the appellate court required to transmit the mandate to the trial court.[3]  Until the clerk of the appellate court undertakes an act intended to constitute the issuance (including transmission) of a mandate to the trial court, and records that act of issuance on the appellate court docket as required by F.R. App. P. 45(b)(1) ("The clerk must record . . . all process, orders, and judgments."), there has been no issuance of a mandate.  See Bell v. Thompson, ___ U.S. ___, ___, 125 S.Ct. 2825, 2831 (2005) ("Without a formal docket entry neither the parties nor this Court had, or have, any way to know whether the court had stayed the mandate or simply made a

---

[3] See Finn v. 415 Fifth Ave. Co., 153 F.2d 501, 501 (2d Cir. 1946) ("our mandates had not gone down, and the judge's stay was still in effect"), cert. denied, 328 U.S. 838 (1946);  F.R. Crim. P. 35(b) (1985 version of rule) ("A motion to reduce a sentence may be made, or the court may reduce sentence without motion . . . within 120 days after **receipt by the [district] court of a mandate** issued upon affirmance of the judgment or dismissal of the appeal") (emphasis added); United States v. Robertson, 810 F.2d 254, 259 & n. 6 (D.C. Cir. 1987) (noting that a mandate is issued by the appellate court and received by the trial court); United States v. Ferris, 751 F.2d 436, 441 (1st Cir. 1984) (noting, implicitly, the trial court's clerk's office's responsibility to docket receipt of the mandate on the trial court's docket).

3

clerical mistake." [Citation omitted.]).  There has thus been no issuance of a mandate here.  However, as demonstrated below, the device of a mandate does not apply to a district court judgment disposing of a bankruptcy appeal.

## II

In deciding how and when the district's court's appellate ruling is to be transmitted to the bankruptcy court, there is no necessity for resort to the rules applicable to issuance of the mandate in the case of appeals from a district court judgment in other civil litigation.  F.R. Bankr. P. 8016(b) expressly addresses the transmission of the district court's judgment to the trial court, and obviates the necessity of looking to the Federal Rules of Appellate Procedure to address that issue.  Rule 8016(b) provides in relevant part:

> Immediately on the entry of a judgment or order the clerk of the district court . . . shall transmit a notice of the entry to . . . the clerk [meaning, under Rule 9002(3), the clerk of the bankruptcy court], together with a copy of any opinion respecting the judgment or order, and shall make a note of the transmission in the docket. . . .

As the Advisory Committee Note (1983) to F.R. Bankr. P. 8017 demonstrates, the Committee was well aware of F.R. App. P. 41 in drafting the rules regarding when an appellate ruling by the district court is to take effect.  In the case of a court of appeals judgment, a stay of the judgment is obtained under Rule 41 by staying the issuance of the mandate; there is no separate

4

rule addressing staying the judgment itself.[4] In contrast, a stay of a district court's bankruptcy appellate judgment, after expiration of the 10-day automatic stay of the judgment under Rule 8017(b), is obtained under Rule 8017(b) by filing a motion to stay the judgment itself, not a motion to stay the issuance of a mandate, and, in conjunction with Rule 8016(a), represents a conscious decision to dispense with the device of a mandate, and to dispense with a delay in issuance of a mandate as the procedural vehicle for staying an appellate ruling of the district court.[5]

---

[4] Under Rule 41(d), "[t]he timely filing of a petition for rehearing, petition for rehearing en banc, or motion for stay of mandate, stays the mandate until disposition of the petition or motion, unless the court orders otherwise." In turn, Rule 41(b) provides:

> The court's mandate must issue 7 calendar days after the time to file a petition for rehearing expires, or 7 calendar days after entry of an order denying a timely petition for panel rehearing, petition for rehearing en banc, or motion for stay of mandate, whichever is later. The court may shorten or extend the time.

Rule 41 does not set a deadline for filing a motion for stay of mandate, but presumably, in the absence of local rule, such a motion is not timely if filed once the mandate otherwise would be required to be issued.

Rule 41(d)(2) specifically addresses staying the mandate pending the filing of a petition for a writ of certiorari in the Supreme Court, and provides for automatic continuation of any stay once notice is filed within the period of the stay that a petition for the writ has been filed.

[5] Beyond the express acknowlegment in the Advisory Committee Note, the structure of Rule 8017(b) itself is evidence

5

Rule 8016(b) is the procedural vehicle whereby the bankruptcy court is to be apprised of the district court's ruling, without the necessity of any action by the parties, so that the bankruptcy court is aware of the district court's ruling and may take steps to carry out whatever is mandated by virtue of that ruling (unless that ruling is stayed under Rule 8017). Although a transmission under Rule 8016(b) serves a notification function similar to that of a mandate under F.R. App. P. 41, such a transmission is *not* the issuance of a mandate.

This conclusion is readily demonstrated by F.R. Bankr. P. 8015. That rule provides that the district court may grant a rehearing pursuant to a motion filed within 10 days after entry of the district court's judgment. If a transmission under F.R. Bankr. P. 8016(b) (required to be made immediately upon entry of the district court's judgment) constituted an issuance of a mandate, the district court would be without jurisdiction to consider a Rule 8015 motion for reconsideration. See Richards, 241 B.R. at 770 (opening sentence of part II), 771 nn. 2 and 3, and 777 (part IV). This cannot be.

---

that the Committee had in mind F.R. App. P. 41 when it elected to dispense with a delay of the issuance of the mandate as the vehicle for staying the effectiveness of a district court's ruling. Rule 8017(b) is analogous to F.R. App. P. 41(d)(2) (see n.4, supra) in that it provides that a stay granted under that rule of 30 days after entry of the judgment continues in effect pending a final disposition by the court of appeals if, prior to the expiration of the 30-day stay, there is an appeal to the court of appeals by the party who obtained the stay.

The Federal Rules of Bankruptcy Procedure set forth no further provision regarding transmitting the district court's ruling to the bankruptcy court, and it would be odd for such a transmission to be done twice, once under Rule 8016(b) and at a later time as a mandate. Moreover, the issuance of a mandate under F.R. App. P. 41(b) is designed to be a ministerial task.[6] If the Advisory Committee on Bankruptcy Rules had intended that there be a mandate device applicable to appeals to the district court from the bankruptcy court, it would surely have spelt out for the clerk when the clerk's ministerial task of issuing the mandate is to be performed.

The Rules Committee, in electing not to make any reference to a mandate despite borrowing from Rule 41 in addressing the effectiveness of a district court's appellate ruling, made a conscious decision to dispense with the device of issuance of a

---

[6] See United States v. Barela, 571 F.2d 1108, 1113 (9th Cir.) (("[T]he unequivocal, mandatory language of Rule 41(a) [now Rule 41(b)] of the Federal Rules of Appellate Procedure made issuance of the mandate a mere ministerial act.") (Ferguson, J., dissenting), cert. denied, 436 U.S. 963, 98 S.Ct. 3083, 57 L.Ed.2d 1130 (1978); Finberg v. Sullivan, 658 F.2d 93, 97 n. 5 (3d Cir. 1980) (the issuance of the mandate "is largely a ministerial function, and follows automatically 21 days after entry of judgment, unless stayed") (applying former version of Rule 41(b), then appearing in Rule 41(a), which had a different deadline for issuance of the mandate); Clarke v. United States, 915 F.2d 699, 706 (D.C. Cir. 1990) (Edwards, J., dissenting) ("Issuance of the mandate is a purely ministerial function that ordinarily occurs automatically twenty-one days after entry of judgment or seven days after denial of a petition for rehearing.") (applying former version of Rule 41(b), then appearing in Rule 41(a)).

mandate, and with utilization of such issuance as the determinant of when an appellate ruling may be enforced. The court thus rejects its prior assumption in Richards, 241 B.R. at 771, that, at some point, a mandate is to be issued by the district court. The district court does not issue a mandate in the case of a judgment it enters disposing of an appeal from the bankruptcy court. Further, the court must as well reject its prior subsidiary conclusion in Richards, 241 B.R. at 777, that issuance of a mandate is a condition to the bankruptcy court's giving effect to the district court's judgment.

### III

The failure of the District Court's clerk's office to comply with Rule 8016(b) does not serve to stay the District Court's Orders: only a stay under Rule 8017 would stay the effectiveness of the Orders. CHG filed a motion for a stay in the District Court eight days after entry of the District Court's Order affirming this court's judgment of December 1, 2004, and thus prior to expiration of the 10-day automatic stay of Rule 8017. CHG also filed a motion to stay the issuance of the district court's mandate. The District Court may thus be operating under the erroneous assumption, in which this court engaged in Richards, that a mandate must be issued before there is any need for a stay to be issued. Accordingly, the court will transmit a copy of this order to the District Court, and delay enforcing the

December 1, 2004, judgment against the cash bond until after August 29, 2005, so that the District Court can decide whether to issue a stay pending its disposition of CHG's motion for a stay pending appeal.

                              [Signed and dated above.]

Copies to:

Donald Hartman [counsel for CHG]

John Burns [counsel for CHG]

Patrick Potter [counsel for Shaw Pittman]

Office of the United States Trustee