The decision below is signed as a decision of the court.

Signed: June 19, 2007.



_____
S. Martin Teel, Jr.
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA

In re                          )
                               )
CAPITOL HILL GROUP,            )   Case No. 02-00359
                               )   (Chapter 11) **Not for**
           Debtor.             )   **Publication in West's**
                               )   **Bankruptcy Reporter**

MEMORANDUM DECISION RE
MOTION TO DELAY CLOSING OF THE CASE

Patrick Potter has filed a Motion to Delay Closing of the Case, seeking to delay the closing of the case for at least six months. However, the Final Decree entered in 2004 closed the case in general, and the court has disposed of all matters that were allowed to be pursued before it despite the general closing of the case. Accordingly, Potter's motion will be denied.

I

The Final Decree entered on January 21, 2004, directed that the case is closed, but directed that the closing did not bar the filing of fee applications and the continued litigation of the objection to the Newmark claim. For that reason, the clerk did not send the files to the Archives.

The matters that were allowed to be pursued despite the general closing of the case have been concluded.  All fee applications have been resolved.  The objection to the Newmark claim entailed an appeal which was resolved in late 2006.  To be absolutely certain that the Newmark litigation had no life left to it, the court recently directed Newmark to show cause why the case ought not be closed (meaning why the clerk ought not treat as concluded the limited matters for which the court continued to permit ongoing filings and litigation despite the closing of the case in general).  Newmark did not respond to the order to show cause, and the court views that as a concession by Newmark that the Newmark litigation is concluded.

II

Potter and his law firm acted as the initial law firm representing the debtor in this case (with Potter acting as the debtor's initial lead counsel).  After they withdrew from such representation, they pursued prolonged litigation regarding fee amounts owed the law firm for such representation and fees owed for being forced to pursue payment of those amounts.  Potter conducted much of the litigation on behalf of the law firm.  Potter's motion alleges in pertinent part:

> 5.  Upon very recent information and belief, CHG is contemplating further litigation with the undersigned regarding the [parties' involvement in the case].
> 6.  Furthermore, the undersigned believes that CHG is waiting until the Court enters the order closing

>   these proceeds [sic], on some theory that this Court
>   would be stripped of jurisdiction to address the res
>   judicata and fee-shifting issues that the undersigned
>   will certainly raise.
>       7.  However, this case has been open since
>   February 2002.  No harm will come from postponing the
>   closing of the case for another six months (at least).
>   Keeping the case open will avoid the necessity of the
>   undersigned moving to re-open the case to effectuate a
>   removal and transfer to this Court of any litigation
>   commenced against the undersigned.

The litigation that Potter envisions as possibly eventuating does not come within the limited matters that the Final Decree permitted to be pursued in this court despite the general closing of the case.  Nor do the issues of res judicata and fee-shifting that Potter anticipates he would raise with respect to such possible litigation.

### III

Accordingly, this case is already closed with respect to the pursuit of the litigation Potter fears may ensue or the removal of any such litigation to this court.  The case would have to be reopened to entertain such matters, and, currently, there is no matter pending to be removed to this court.  In any event, Potter has not filed a motion to reopen the case.  Without any reopened case, there is no closing to be delayed.  In any event, even if the case were still open, the court generally would not keep a case open simply because of an indefinite prospect of forthcoming litigation.

However, attorney's fees ought not be awarded to the debtor

for opposing the Motion. The recent order to show cause directed to Newmark erroneously suggested that the court was treating the case as still open, and Potter's request to delay the closing of the case (if it were, indeed, still open) was not frivolous.

IV

An order follows denying the Motion to Delay Closing the Case, and denying the debtor's request for attorney's fees.

[Signed and dated above.]

Copies to: Debtor; Patrick Potter, Esq.; Donald R. Hartman, Esq.; Daniel M. Litt, Esq.; Office of United States Trustee.